NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 24 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-10235 |
| Plaintiff-Appellant, | D.C. No. 2:06-cr-00464-JAM-AC-1 |
| v. | |
| OSBALDO OSWALDO SARABIA, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted September 7, 2018
San Francisco, California

Before:  BERZON and FRIEDLAND, Circuit Judges, and CARDONE,[**] District Judge.

The government appeals the district court's grant of a 18 U.S.C.

§ 3582(c)(2) sentence reduction. The government contends that the uncontested

drug quantities in Osbaldo Oswaldo Sarabia's court-adopted presentence

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

investigation report ("PSR") are binding drug quantity findings that render him ineligible for a sentence reduction. Although the drug quantities in Sarabia's PSR are nonbinding, we reverse the grant of sentence reduction because Sarabia's specific admissions of drug quantity in his plea agreement render him ineligible.

Sarabia pleaded guilty to three counts of possession of drugs with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 210 months imprisonment. After the U.S. Sentencing Commission promulgated Amendment 782, reducing the base offense level for most drugs and quantities by two levels, Sarabia filed a motion for a 18 U.S.C. § 3582(c)(2) sentence reduction. The district court granted his motion, concluding that he was eligible for sentence reduction because no specific finding of drug quantity had been made at the original sentencing. His sentence was reduced to 168 months imprisonment.

To determine whether a defendant is entitled to sentence reduction, the district court applies a two-step inquiry. *See United States v. Rodriguez*, No. 17-10233, slip op. at 5 (9th Cir. Apr. 24, 2019). The first step, the only one relevant here, requires the court to determine whether the amendment to the U.S. Sentencing Guidelines has the "effect of lowering the defendant's applicable [G]uideline[s] range." U.S. Sentencing Guidelines Manual § 1B1.10(a)(2)(B). This step necessarily requires a finding of the drug quantity attributable to the defendant for purposes of determining whether "the defendant is more likely than not

responsible for the new quantity threshold under the retroactive Guidelines amendment." *United States v. Mercado-Moreno*, 869 F.3d 942, 957 (9th Cir. 2017). A drug quantity is binding at the first step where (1) "the sentencing court made a *specific* finding regarding the total quantity of drugs for which the defendant was responsible," or (2) "the defendant admitted to a *specific* total quantity." *Id.* (emphases added).

The government argues that the drug quantity finding in Sarabia's PSR—342,527 kilograms of (converted) marijuana—is binding in § 3582(c)(2) proceedings and renders Sarabia ineligible for sentence reduction. Contrary to the government's argument, uncontested drug amounts in a court-adopted PSR are not binding, specific findings of drug quantity, as they do not fall under either of the two permitted circumstances. *Id.*; *Rodriguez*, slip op. at 15, 18.

Although the drug quantities in Sarabia's PSR are nonbinding, Sarabia's specific admissions of drug quantity in his plea agreement are binding. Sarabia specifically admitted to possessing four pounds (or 1.8 kilograms) of methamphetamine in his vehicle, and 6.25 kilograms of cocaine and 116 pounds (or 52.6 kilograms) of methamphetamine in his residence. These drug quantity amounts render him ineligible for sentence reduction, as the 52.6 kilograms of methamphetamine alone surpasses the new drug quantity threshold under Amendment 782 for methamphetamine mixture or actual methamphetamine. *See*

3

U.S.S.G. § 2D1.1(c). We therefore reverse the district court's grant of a sentence reduction.

**REVERSED.**